UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SIGFREDO ALICEA** : | |
| : | Civil Action No. 10-4702 (JLL) |
| **Plaintiff(s),** : | |
| v. : | |
| **OUTBACK STEAKHOUSE, ET AL.** : | |
| **Defendant(s).** : | |

### REPORT AND RECOMMENDATION

    This matter comes before the Court on the motion of Plaintiff Sigfredo Alicea to remand this action to the Superior Court of New Jersey (CM/ECF Docket Entry No. 9.)  The Court has reviewed the submissions in support of and in opposition to the motion.  This Report and Recommendation is rendered pursuant to 28 U.S.C. §636(b)(1)(B). No oral argument was heard.  Fed. R. Civ. P. 78.  For the reasons expressed below, the Undersigned respectfully recommends that Plaintiff's motion to remand be granted.

### BACKGROUND

    On or about June 23, 2010, Plaintiff filed a Complaint in the Superior Court of New Jersey, Passaic County, against Defendants Outback Steakhouse, OSI Restaurant Partners, LLC, OS Restaurant Services, Inc., Regan Urinarte, Duff Regan and Arnette Edwards.  In his Complaint, Plaintiff asserts that Defendants violated the New Jersey Law Against Discrimination, N.J.S.A 10:5-1 *et. seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

    On or about July 13, 2010, Plaintiff's counsel sent, via regular and certified mail, a copy of the Summons and Complaint to the home office of Defendants' Outback Steakhouse, OSI Restaurant Partners, LLC, and OS Restaurant Services, Inc. (Ex. 2[1] to Cert. of Santos A. Perez, Esq. ("Perez Cert.")).  Plaintiff did not attempt to personally serve Defendants prior to that

---

[1]In his Certification, Mr. Perez references the attached Exhibits alphabetically.  The Exhibits, however, are unlabeled on the Court's docket.  For purposes of this Report and Recommendation, the Exhibits attached to the Perez Certification shall be referenced numerically.

mailing. (Ex. 3-4 to Perez Cert.) On or about August 16, 2010, Defendants' counsel advised Plaintiff's counsel that service via certified mail was improper pursuant to New Jersey Court Rule 4:4-3(a), and inquired whether Plaintiff intended to request a waiver of formal service. (Ex. 3 to Perez Cert.) On or about August 16, 2010, Plaintiff's counsel acknowledged that service by mail was improper, and asked for a waiver of service. (Ex. 4 to Perez Cert.) By letter dated August 24, 2010, Defendants' counsel formally waived formal service of process on behalf of Defendants Outback Steakhouse, OSI Restaurant Partners, LLC, OS Restaurant Services, Inc., and Duff Regan (hereinafter, "Defendants"), and accepted service of the Complaint. (Notice of Removal ¶ 1; Ex. 5 to Perez Cert.)[2]

On September 13, 2010, Defendants removed the action to this Court. In their Notice of Removal, Defendants state that this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, by virtue of the Title VII claims asserted in Plaintiff's Complaint. (Notice of Removal ¶ 3.) On September 21, 2010, after the case was removed, Plaintiff filed an Amended Complaint. Plaintiff's Amended Complaint contains only state law claims and no longer asserts a cause of action under Title VII, or any other federal statute.

Plaintiff now moves to remand this action to the Superior Court of New Jersey. In support of his motion, Plaintiff asserts that Defendants' Notice of Removal was untimely and that this Court lacks subject matter jurisdiction over the action because his Amended Complaint asserts no federal claims. Defendants oppose Plaintiff's motion, arguing that removal was timely and that this Court may properly exercise subject matter jurisdiction over Plaintiff's claims.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove a plaintiff's state court action to federal district court if the plaintiff's action could otherwise have been commenced in federal court. 28 U.S.C. § 1441(a) ("any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..."). Thus, "[t]o qualify for removal, the cause of action must be a claim 'of which the district courts of the United States have original jurisdiction.'" Penn v. Wal-Mart Stores, 116 F.Supp.2d 557, 561 (D.N.J. 2000) (quoting 28

---

[2] Counsel also advised Plaintiff that he does not represent the remaining Defendants - Regan Urinarte and Arnette Edwards. According to Defendants' Notice of Removal, Defendants Urinarte and Edwards were not served with Plaintiff's Complaint. In addition, the Court's docket indicates that Defendants Urinarte and Edwards were not served with Plaintiff's Amended Complaint. Neither defendant has appeared in this matter and no submissions were received with respect to the instant motion. Defendants who have not been served at the time a notice of removal based on federal question is filed are not required to join in the notice of removal or otherwise consent to removal. See Scurko v. New Jersey State Police, No. 10-2507, 2010 WL 2697108, *2 (D.N.J. July 6, 2010).

U.S.C.§ 1441(a)).

The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Pursuant to 28 U.S.C. § 1447©, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## DISCUSSION

**I.     Timeliness**

28 U.S.C. § 1446 sets forth the procedure for removal of a civil action to federal court. Section 1446(a) states, in relevant part:

> A defendant or defendants desiring to remove any civil action ... from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal.

Pursuant to Section 1446(b), a defendant seeking to remove an action from state court must file a notice of removal with the district court "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  "The thirty day removal deadline under § 1446(b) is not triggered by 'mere receipt of the complaint,' but only by 'formal service.'" Lee v. Genuardi's Family Mkts., No.10-01641, 2010 WL 2869454, *1 (D.N.J. July 19, 2010) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352-53 (1999)).  "The Supreme Court has made clear that the 'service or otherwise' language [in §1446(b)] was not intended to abrogate the service requirement." Id. at 355 (quoting Murphy Bros., 526 U.S. at 352-53).

Plaintiff asserts that this matter must be remanded because removal was untimely. Plaintiff contends that the thirty-day period for removal was triggered on August 14, 2010, when Defendants received a copy of the Summons and Complaint via certified mail.  According to Plaintiff, because the thirty-day removal period was triggered on August 14, 2010, the September 13, 2010 removal of this action was untimely.  In response, Defendants argue that removal on September 13, 2010 was indeed timely because the thirty-day removal period was not triggered until August 24, 2010, the date they waived improper service of the Summons and Complaint. The Court agrees with Defendants that the thirty-day removal period did not begin to run until August 24, 2010, when Defendants waived formal service of process.

The Supreme Court has held that the Section 1446(b) thirty-day removal period begins to run when proper service is effectuated. See Murphy Bros., 526 U.S. at 344-348 ("In sum, it would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change-to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons."). Thus, the thirty-day removal deadline is not triggered by mere receipt of the complaint, but only by formal service. See Murphy Bros., 526 U.S. at 344-348; Lee, 2010 WL 2869454 at *1.

Under New Jersey law, the Defendants in this matter were formally served on August 24, 2010, when they waived formal service and accepted the Summons and Complaint. As an initial matter, Plaintiff's mailing of the Summons and Complaint on August 14, 2010 - without first attempting personal service - does not constitute valid service under the New Jersey Court Rules. Personal service is the "primary method" of serving a defendant in New Jersey. See N.J. Ct. R. 4:4-4(a). However, an exception to this general rule is found in Rule 4:4-3(a). Pursuant to Rule 4:4-3(a), "[i]f personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service ... service may be made by mailing a copy of the summons and complaint by registered or certified mail ... " See also, e.g. City of Passaic v. Shennett, 390 N.J.Super. 475, 483 (App. Div. 2007) (noting that personal service must be attempted and described with specificity before a plaintiff employs alternative forms of service). As stated above, Plaintiff did not attempt to personally serve Defendants prior to mailing of the Summons and Complaint. Thus, Plaintiff's August 14, 2010 mailing did not constitute valid service. Consequently, because Defendants were not formally served on August 14, 2010, the mailing of the Summons and Complaint on that date did not trigger the thirty-day removal clock. See Murphy Bros., 526 U.S. at 352-53.[3]

Rather, the thirty-day removal period began to run on August 24, 2010, the date Defendants waived formal service of the Summons and Complaint. Pursuant to New Jersey Court Rule 4:4-6, improper service can be waived if "acceptance of the service of summons [is] signed by the defendant's attorney or signed and acknowledged by the defendant." Although improper service may be waived under Rule 4:4-6, that waiver takes effect after a defendant waives service, not when the defendant first received the improper service. See Marina Bay Towers Urban Renewal II, L.P. v. City of North Wildwood, No. 09-369, 2009 WL 2568203, * 3 (D.N.J. Aug. 13, 2009) ("It is not counsel's awareness of a lawsuit ... that is dispositive to the

---

[3]Despite the plain language of the New Jersey Court Rules, Plaintiff argues that mailing without attempting personal service is proper because the Supreme Court, in Murphy Bros., found that just such service was proper according to the Alabama Rules of Civil Procedure. The Murphy Bros. Court did find that in Alabama under service via certified mail without first attempting personal service is proper. However, as discussed above, in New Jersey service via certified mail is not acceptable until the plaintiff has made a good faith attempt at personal service, or the defendant waives proper service. N.J. Ct. R. 4:4-3(a); 4:4-4.

issue of a timely removal, but rather the defendant's acknowledgment of jurisdiction and of the claims against it-either involuntarily by formal service or voluntarily by waiver of service."); see also Lee, 2010 WL 2869454 at *1.

Defendants did not waive or accept service until August 24, 2010.  Thus, August 24, 2010 is the date Defendants were formally served with process in this case.[4]  Because only formal service can trigger the thirty day removal clock[5], Defendants' thirty-day period to remove this action began on August 24, 2010. Defendants removed this matter on September 13, 2010, several days before the expiration of the removal period.   Accordingly, removal to this Court was timely.

## II.    Subject Matter Jurisdiction

Plaintiff also argues that this matter should be remanded because this Court lacks subject matter jurisdiction over his claims.  Plaintiff contends that the federal claims asserted in his initial Complaint were insufficiently plead to form the basis for federal question jurisdiction and, in any event, have since been removed from his Amended Complaint.  In response, Defendants request that the Court exercise supplemental jurisdiction over Plaintiff's claim.

A civil action brought in state court may be removed by the defendant to the federal district court in the district where that action is pending if the district court would have original jurisdiction over the matter.  28 U.S.C. § 1441(a); Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7-8 (1983).  A removing party's assertion of federal question jurisdiction is determined by analyzing the plaintiff's well-pleaded complaint. See Sullivan v. Novartis Pharm. Corp., 602 F.Supp.2d 527, 530 (D.N.J. 2009) (citations omitted) ("The content of the plaintiff's well-pleaded Complaint determines whether an action arises under federal law.").   Federal question jurisdiction is properly invoked when a plaintiff's complaint pleads a cause of action created by federal law.  Id.   If a plaintiff asserts federal claims, "so long as Defendants follow the proper removal procedures, Defendants may remove the matter to federal court."  Wise v. Estes, No.10-481,  2010 WL 2757273, *3 (D.N.J. July 06, 2010).  Here, Plaintiff's initial Complaint asserted federal claims under Title VII of Civil Rights Act of 1964 and, at the time of removal, this Court had federal question subject matter jurisdiction over the case. See Sullivan, 602 F.Supp.2d at 530.  Because Defendants followed the removal procedures correctly, Defendants properly removed this case based on the federal claims asserted in Plaintiff's initial Complaint.

Although removal was appropriate, Plaintiff argues that this case should now be

---

[4]     Marina Bay Towers, 2009 WL 2568203, at * 3

[5]     Murphy Bros., 526 U.S. at 344-348; see also Lee, 2010 WL 2869454 at *1.

remanded because he has dropped the federal Title VII claims from his Amended Complaint.[6] Pursuant to 28 U.S.C. § 1447©, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "Section 1447© applies, however, to the testing of jurisdiction as of the time of removal." Pettit v. New Jersey, No. 09-3735, 2010 WL 1006407, * 1 (D.N.J. Mar. 17, 2010)(citing Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40 (D.Mass. 2001); Parker v. Della Rocco, 197 F.R.D. 214, 216 (D. Conn. 2000), aff'd 252 F.3d 663 (2d Cir. 2001); Westmorland Hosp. Assn. v. Blue Cross of Western Pa., 605 F.2d 119, 123 (3d Cir. 1979); 14C C.A. Wright, A.R. Miller, E. H. Cooper & J.E. Steinman, Federal Practice & Procedure, § 3739 (4th ed. 2009)).  The fact that the federal claims which were the basis for the removal were dropped during subsequent proceedings does not automatically deprive the district court of jurisdiction.  See Felice v. Sever, 985 F.2d 1221, 1225 (3d Cir. 1993) (citing Hagans v. Levine, 415 U.S. 528, 542 n.10, 94 S.Ct. 1372, 1382, n.10, 39 L.Ed.2d 577 (1974)).  Thus, "Plaintiff[] [is] not automatically entitled to remand of [his] case simply because [his] Amended Complaint allegedly no longer includes the federal questions raised by the original Complaint." Pettit, 2010 WL 1006407 at *1 (citing Carlsbad Techs., Inc. v. HIG Bio, Inc., - - - U.S.- - -,129 S.Ct. 1862, 1866-67 , 173 L.Ed.2d 843 (2009)).

Although Plaintiff is not *automatically* entitled to remand because he dropped the federal claims from the Amended Complaint, this matter *may* nonetheless be remanded under 28 U.S.C. § 1367©.  See Carlsbad, 129 S.Ct. at 1866-67; Pettit, 2010 WL 1006407 at *2.  Pursuant to 28 U.S.C. § 1367(c)(3), a "district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." A district court's decision whether to exercise jurisdiction after dismissing those claims over which it had original jurisdiction is purely discretionary.  See Carlsbad, 129 S.Ct. at 1866-67. Moreover, when federal claims are no longer part of a case, a district court should usually decline to exercise its jurisdiction to hear supplemental claims absent extraordinary circumstances.  See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (when the "claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."); Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993) (directing district courts to "take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants'" when deciding whether or not to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed); see also Shaffer v. Board of Sch. Directors of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) ("We have held that pendent jurisdiction should be declined where the federal claims are no longer viable absent

---

[6]Defendants do not contest the filing of Plaintiff's Amended Complaint and have filed an Answer thereto.  Accordingly, the Court will accept the Amended Complaint as the operative pleading in this matter.  To the extent Defendants argue that Plaintiff is attempting to voluntarily dismiss his federal claims, as Defendants note in their brief, Plaintiff is entitled to automatically dismiss those claims under Rule 41(a) because he did so prior to the filing of Defendants' Answer. (Defs.' Br. 11.)

'extraordinary circumstances.'"). As a general principle "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n.7, 108 S.Ct. 614, 98 L.Ed.2. 720 (1988); see also Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 44-45 (D.Mass. 2001).

Defendant argues that the Court should exercise supplemental jurisdiction over this matter pursuant to Section 1367©. However, there are no extraordinary circumstances that warrant the exercise of supplemental jurisdiction. This Court is one of limited jurisdiction and this case has not been pending here for a substantial period of time. Plaintiff made his motion to remand only one month after Defendants removed the case. As such, the Court has expended little judicial resources on this matter. Even if Plaintiff engaged in manipulative pleading practices as Defendants allege, the possibility of a plaintiff employing such practices (by removing federal claims to avoid federal litigation) does not, by itself, warrant the exercise of supplemental jurisdiction. See Carnegie-Mellon, 484 U.S. at 357. Furthermore, it does not appear to be an inconvenience to the parties to litigate New Jersey state law claims in New Jersey Superior Court, rather than in this district court. Accordingly, because Plaintiff's Amended Complaint does not include any federal claims, in the interest of convenience, fairness, and judicial economy, the Court should exercise its discretion to decline subject matter jurisdiction over this matter and remand it back to state court.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to remand this case to the Superior Court of New Jersey.

    *s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: May 3, 2011**