NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
SIGFREDO ALICEA,                    :
                                    :
            Plaintiff,              :
      v.                            :   CIVIL ACTION NO. 10-4702 (JLL)
                                    :
                                    :   **OPINION ADOPTING**
                                    :   **MAY 3, 2011 REPORT AND**
                                    :   **RECOMMENDATION**
OUTBACK STEAKHOUSE, et. al.         :
                                    :
                                    :
                                    :
            Defendants.             :
_____:

This matter comes before the Court on both Plaintiff and Defendants' objections to Magistrate Judge Claire C. Cecchi's Report and Recommendation regarding Plaintiff's motion to remand.  The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons set forth below, the Court adopts Judge Cecchi's May 3, 2011 Report and Recommendation, and thus grants Plaintiff's motion to remand.

**FACTUAL AND PROCEDURAL HISTORY**

A detailed factual background of this case is set forth in Magistrate Judge Cecchi's May 3, 2011 Report and Recommendation, and will not be repeated here, except where necessary to provide context for this Court's review of same.

Plaintiff Sigfredo Alicea commenced the instant action in Superior Court of New Jersey, Passaic County, against Defendants Outback Steakhouse, OSI Restaurant Partners, LLC, OS Restaurant Services, Inc., Regan Urinarte, Duff Regan, and Arnette Edwards.  In his complaint,

Plaintiff alleged violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

On September 13, 2010, Defendants removed the action to this Court.  On September 21, 2010, after the case was removed, Plaintiff filed an Amended Complaint.  Plaintiff's Amended Complaint contains only state law claims and no longer asserts a cause of action under Title VII, or any other federal statute.

On October 13, 2010, Plaintiff moved to remand this action to the Superior Court of New Jersey.  In support of its motion, Plaintiff asserted that Defendants' Notice of Removal was untimely and that this Court lacks subject-matter jurisdiction over the action because his Amended Complaint asserts no federal claims.  Defendants opposed Plaintiff's motion, arguing that removal was timely and that this Court may properly exercise supplemental jurisdiction over Plaintiff's claims.  By way of Report and Recommendation dated May 3, 2011, Magistrate Judge Cecchi recommended that this Court grant Plaintiff's motion to remand, finding that, although removal was timely, pursuant to 28 U.S.C. § 1367(c)(3), a "district court should decline to exercise its jurisdiction to hear supplemental claims absent extraordinary circumstances." (Report and Recommendation at 6.).

## LEGAL DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge].  The judge may also receive further

evidence or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2).  Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. See, e.g., United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).   In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").

Although Plaintiff agrees with Judge Cecchi's Report and Recommendation to the extent that it directs that the matter be remanded, Plaintiff now objects to Judge Cecchi's decision not to sanction Defendants for filing a "frivolous, vexatious, and taxing Notice of Removal."  Plaintiff's Brief in Support of Objection to May 3, 2011 Report and Recommendation ("Pl. Brief") at 1. Plaintiff makes this objection despite the fact that it was not raised in the underlying motion to remand.  Similarly, Defendants also object, not to Judge Cecchi's recommendation that the matter be remanded, but rather, "in the hope that the Court will sanction Defendants" for

pleading frivolous claims. Defendants' Objection to Magistrate Judge Claire C. Cecchi's Report and Recommendation, Dated May 3, 2011 and in Opposition to Plaintiff's Objections ("Def. Brief") at 1.

However, as the parties concede, Judge Cecchi correctly determined that this matter should be remanded to state court because this Court lacks subject matter jurisdiction over this claim. As such, this Court cannot properly entertain any new applications even if they are received in the form of objections. Accordingly, Plaintiff's and Defendants' objections are overruled.

## **CONCLUSION**

Having thoroughly reviewed Magistrate Judge Cecchi's May 3, 2011 Report and Recommendation, including Plaintiff's and Defendants' objection thereto, this Court hereby adopts Magistrate Judge Cecchi's Report and Recommendation including the findings of fact and conclusions of law of this Court, and thus grants Plaintiff's motion to remand.

An appropriate Order accompanies this Opinion.

DATED: June 9, 2011				/s/ Jose L. Linares
						Jose L. Linares
						United States District Judge